IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH HERNANDEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case Number: 2:06 CV 00371 DRB |
| v. ) | |
| ) | |
| PROGRESSIVE SPECIALITY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR SUMMARY JUDGMENT

**COMES NOW** the defendant, Progressive Specialty Insurance Company ("Progressive") in the above-styled cause, and moves the Court to enter an Order, pursuant to Rule 56 of the Alabama Rules of Civil Procedure, for summary judgment in the Progressive's favor dismissing the action against the defendant on the ground that there is no genuine issues of material fact and that Progressive is entitled to a judgment as a matter of law.

This motion is supported by:

1. A Narrative Summary of Undisputed Facts;

2. Affidavit of Larry Lackey, attached hereto as Exhibit A;

3. All Pleadings filed in this cause.

4. Part III (Uninsured/Underinsured Motorist Coverage) of the Insurance

Policy, attached hereto as Exhibit B.

## NARRATIVE SUMMARY OF UNDISPUTED FACTS

On or about March 8, 2004, the Plaintiff was involved in a motor vehicle accident with Linda Heflin. (See ¶ 5 of Complaint). Heflin reached a settlement agreement with the Plaintiff in the amount of Heflin's insurance policy limits. (See ¶ 7 of Complaint). The Plaintiff was insured with Progressive Specialty Insurance. (See ¶ 9 of Complaint). The Plaintiff's insurance contract provided for underinsured/uninsured ("UM/UIM") motorist coverage. (See ¶ 9 of Complaint). Progressive requested the Plaintiff execute a medical Release and provide medical records and information concerning subrogation interests and liens. (See Affidavit of Larry Lackey, attached hereto as Exhibit A). Progressive investigated the claim and reviewed the medical information. (See Affidavit of Larry Lackey, attached hereto as Exhibit A). The Plaintiff and Progressive begin negotiating payment of UM/UIM benefits under the policy. (See Affidavit of Larry Lackey, attached hereto as Exhibit A). Progressive made several good faith offers of payment to the Plaintiff of $13,500.00 and $20,000.00 which were rejected by the Plaintiff. (See Affidavit of Larry Lackey, attached hereto as Exhibit A).

## ARGUMENT

### I.     The Plaintiff's Claim of Bad Faith Against Progressive is Due to Be Dismissed as there is No Evidence of Bad Faith on the part of Progressive.

A. Burden of Proof /Elements of Cause of Action

Insurers are required to act in good faith and deal fairly. Only "where an insurer has acted with an intent to injure" may an action of Bad Faith be maintained against the insurer. LeFevre v. Westberry, 590 So. 2d 154, 164 (Ala. 1991 citing King v. Nat'l Found. Life Ins. Co., 541 So. 2d 502, 505 (Ala. 1989)). The Plaintiff carries a heavy burden of proof when filing a claim of Bad Faith. See Id., See also Nat'l Sav. Life Ins. Co. v. Dutton, 419 So. 2d 1357, 1362 (Ala. 1982). In order to maintain an action for Bad Faith, the Plaintiff must prove: (1) the existence of an insurance contract; (2) an intentional refusal to pay the claim; and (3) the absence of any lawful basis for the refusal and the insurer's knowledge of that fact or the insurer's intentional failure to determine whether a lawful basis exists for its refusal. LeFevre v. Westberry, 590 So. 2d 154, 159 (Ala. 1991, citing Quick v. State Farm Mut. Auto. Ins. Co., 429 So. 2d 1033 (Ala. 1983)).

Under Dutton, 419 So. 2d 1357 (Ala. 1982), absent extraordinary circumstances, the Plaintiff must be entitled to a directed verdict on a Breach of Contract claim against the insurer in order for a Bad Faith claim to be submitted to

a jury. In other words, the insurer must be clearly obligated to pay under the contract without any disputed issues of fact. <u>Dutton</u> directed verdict test does not require that the plaintiff actually move for a directed verdict, but requires that the plaintiff be entitled to one in order for his Bad Faith claim to survive. <u>Id.</u>

    1. <u>Entitlement to UM/UIM Benefits under Contract</u>

In UM/UIM claims such as this one, the plaintiff is entitled only to receive benefits he is legally entitled to collect damages from the owner of the driver of the underinsured motor vehicle within the limits of the policy. UM/UIM carriers are not required to pay in excess of the amount the underinsured motorist would be obligated to pay. The Progressive policy contains similar language to the State Farm policy in <u>Quick v. State Farm Mut. Auto. Ins. Co.</u>, 429 So. 2d 1033 (Ala. 1983) in that the Progressive policy provides, "[w]e will pay for ***damages which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle*** because of bodily injury." (See Insurance Policy, attached hereto as Exhibit B, Emphasis added). In <u>Quick</u>, the Court interpreted, "legally entitled to recover as damages" to mean that "the insured must be able to establish fault on the part of the underinsured motorist, which gives rise to damages ***and must be a able to prove the extent of those damages.***" <u>Id.</u> (Emphasis added).

    2. Scienter

    In order to maintain this bad faith action, the Plaintiff must prove either that (1) no lawful basis for denial of the claim exists and that Progressive had actual knowledge of the fact or that (2) Progressive intentionally failed to determine whether there was any lawful basis for the refusal.  Blue Cross & Blue Shield v. Granger, 461 So. 2d 1320, 1327-1328 (Ala. 1984, citing Chavers v. Nat'l Sec. Fire & Cas. Co., 405 So. 2d 1, 7 (Ala. 1981)).  Mere negligence on the part of the insurer is not enough to sustain an action for Bad Faith.

    There is no evidence that Progressive acted intentionally or that there was no legal basis for denial of the plaintiff's demands.  In fact, Progressive did not deny the Plaintiff's claim but entered into good faith negotiation.  Progressive investigated the Plaintiff's claim and made settlement offers to the plaintiff which were refused.  The Plaintiff simply disagreed with Progressive's evaluation as to the value of his claim.  Such a dispute does not give rise to an action for Bad Faith.  See Quick v. State Farm Mut. Auto. Ins. Co., 429 So. 2d 1033 (Ala. 1983).  In Quick, the trial court granted summary judgment in State Farm's favor for the tort of bad faith refusal to settle a claim of UM benefits.  Id. at 1034.  State Farm had determined that the plaintiffs were entitled to benefits under the policy, but informed the plaintiffs that the only matter to be resolved was the amount of said payment.  Id.   The Alabama Supreme Court

affirmed summary judgment for State Farm reasoning that,

> the burden to prove the extent of damages rested on the plaintiffs and that there can be no breach of an uninsured motorist contract and therefore no bad faith, until the insured proves that he is legally entitled to recover.

Id. at 1035.  Furthermore, there can be no bad faith on the part of State Farm due to the existence of a debatable issue or legitimate dispute as to the amount due.  Id. (Tolbert, CJ concurring opinion).

The same is true in the instant action. There is a legitimate dispute as to amount due under the Progressive contract.  Thus the plaintiff is not entitled to a directed verdict on his Breach of Contract claim and his claim for Bad Faith against Progressive is due to be dismissed as a matter of law.  Id., See also Nat'l Sav. Life Ins. Co. v. Dutton, 419 So. 2d 1357, 1362 (Ala. 1982).

## CONCLUSION

This case simply involves a dispute between Progressive and its insured concerning the amount of UM/UIM benefits due under the policy of insurance.  There is no refusal to pay on the part of Progressive.  Additionally, Progressive investigated the claim and entered into good faith settlement negotiations with the Plaintiff.  Progressive did not act with any intent to injure the Plaintiff.  Because a legitimate dispute exists between Progressive and the Plaintiff, the Plaintiff would not be entitled

to a directed verdict as to his Breach of Contract claim and therefore his claim for Bad Faith fails and must be dismissed as a matter of law.

**WHEREFORE, PREMISES CONSIDERED**, Progressive respectfully requests this Honorable Court to enter an Order granting final summary judgment on behalf of Progressive as to the Bad Faith count of the plaintiff's Complaint.

                                                                                               s/Cindy L. Self
                 Paul A. Miller (MIL011)
                 Cindy L. Self (SEL035)
                 Attorneys for Progressive Specialty Ins. Co.
                 **LAMAR, MILLER, NORRIS,**
                 **HAGGARD & CHRISTIE, P.C.**
                 501 Riverchase Parkway East
                 Suite 100
                 Birmingham, Alabama 35244
                 Telephone: 205-326-0000
                 Facsimile: (205) 323-2945

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing has been served upon each of the below listed counsel of record by E-Filing and by placing same in the United States Mail this 30th day of March, 2007:

cc:    Kathryn Harrington, Esq.
        1000 Providence Park
        Suite 200
        Birmingham, Alabama   35242

                                                  s/Cindy L. Self
                                                  Of Counsel