IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH HERNANDEZ, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) Case Number: 2:06 CV-0371-DRB |
| v. | ) |
| | ) |
| PROGRESSIVE SPECIALITY | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT OF LARRY LACKEY

STATE OF ALABAMA )

JEFFERSON COUNTY )

Before me the undersigned authority personally appeared Larry Lackey, who first being duly sworn, deposes and states as follows:

1. My name is Larry Lackey. I am a claims attorney with Progressive Speciality Insurance Company. I am a resident citizen of the state of Alabama and am over the age of 19 years. I am of sound mind and am competent to testify. This Affidavit is given based on my personal knowledge of the facts contained herein.

2. Attached as Exhibit "1" of this Affidavit is correspondence that is true and accurate copies of documents that are contained in Progressive Specialty Insurance Company's claim's file. The documents are related to Progressive's

attempt to settle a claim by the Plaintiff concerning an automobile accident that occurred on March 8, 2004.

3. Our insured, Kenneth Hernandez, was involved in a motor vehicle accident with tortfeasor, Linda Heflin. The Plaintiff settled his claim with Heflin for her policy limits of $25,000. Progressive waived its subrogation interest in order for the Plaintiff to perfect the settlement with Heflin. This settlement occurred on or about the end of January or early February of 2005.

4. After which time, Progressive Speciality Insurance Company entered into settlement negotiations with then counsel for the Plaintiff, Dan Goldberg. Progressive requested that Mr. Goldberg send a copy of the Plaintiff's medical bills and information concerning any subrogation interest or liens as well as an executed Release. Progressive investigated Mr. Hernandez' claim. In June of 2005, Progressive Speciality Insurance Company extended an offer to settle the Plaintiff's UIM/UM claim for $13,500. This offer was rejected. After additional negotiation, in September of 2005, Progressive Speciality Insurance Company again extended an offer to settle the Plaintiff's UIM/UM claim for $20,000. The Plaintiff rejected this offer also.

Further, affiant saith not.

PROGRESSIVE SPECIALTY INS. CO.

BY: _____*Larry Lackey*_____
LARRY LACKEY

STATE OF ALABAMA )
JEFFERSON COUNTY )

Before me, a Notary Public in and for said State and County, personally appeared **Larry Lackey**, who, being known to me and being by me first duly sworn, does depose and say that he has knowledge of the facts stated in the above pleading and that said facts as therein stated are true to the best of his knowledge, information and belief.

Witness my hand and seal this the 30th day of March, 2007.

_____
NOTARY PUBLIC

My Commission Expires: 2/16/11

# GOLDBERG & ASSOCIATES, P.C.

ATTORNEYS AT LAW

1910 THIRD AVENUE NORTH, SUITE 500

BIRMINGHAM, ALABAMA 35203

(205) 322-4700

1-800-600-6014

FACSIMILE (205) 320-2199

DAN A. GOLDBERG*
ANTHONY G. GEORGE
J. DEAN HASH, II
MICHAEL A. YOST
D. DIRK THOMAS

*ALSO MEMBER FLORIDA AND MISSISSIPPI BAR

**RECEIVED**

Friday, January 28, 2005

FEB 03 2005

PLACED IN CAN, MAM, HSO, PJG MAILBOX
FORWARDED TO _____
DATE SENT _____

Stacey Sears
Progressive Insurance Company
380 Interstate Parkway, Ste. 100
Atlanta, Georgia 30339

**REVIEW BY**

FEB 04 2005  NYY

**HEIDI OSBORN**

RE:  Our Client:      Kenneth Hernandez
     Your Insured:    Kenneth Hernandez
     Date of Loss:    10/06/04
     Claim Number:    042478220
     UNDERINSURED MOTORIST & MED PAY CLAIM

Dear Stacey:

This letter is to inform you of my representation of the above-referenced client in regard to injuries sustained in an accident on the above-referenced date. I am requesting that you waive your subrogation interest in the above-referenced claim. The tort-feasor's insurance carrier has tendered their policy limits of $25,000. Please find enclosed a copy of the declaration page. If you wish to protect your interest please forward your check for $25,000.00.

Please find a copy of my client's medical records and bills. As soon as you have reviewed this information please contact me to discuss settlement of this claim. Thank you for your assistance in this matter.

Very truly yours,

DAN A. GOLDBERG
Attorney at Law

DAG/srb

# State Farm Mutual Automobile Insurance Company



Carrollton Field Associate Office
P O Box 2338
Carrollton, GA 30112

770-830-0107 office
770-834-7815 fax

January 31, 2005

Dan Goldberg
Goldberg & Associates
Attorneys at Law
1910 Third Avenue North, Ste. 500
Birmingham, AL 35023

RE: Claim Number: 11-4354-667
    Date of Loss: March 8, 2004
    Our Insured: Linda Heflin
    Your Client: Kenneth Hernandez

Dear Mr. Goldberg:

This will confirm our recent conversation wherein we extended a settlement offer to your client for policy limits of $25,000. In order to settle this claim, we need to obtain a full release signed by Mr. Hernandez, or have a limited release signed, along with a waiver of subrogation from any UM carrier.

Additionally, we have been advised of a hospital lien filed by Tanner Medical Center in the amount of $658.65. This bill must be taken care of directly from our settlement.

Please contact me to advise if we can settle this claim.

Sincerely,

*Christy Rabern*

Christy Rabern
Claim Representative



February 7, 2005

Mr. Dan A. Goldberg
Goldberg & Associates, P.C.
1910 Third Avenue North, Suite 500
Birmingham, AL 35203

Facsimile: (205) 320-2199

RE: Insured: Kenneth Hernandez
    Claim Number: 042478220
    Date of Loss: March 8, 2004
    Your Client(s): Kenneth Hernandez

Dear Mr. Goldberg:

Please note that I have recently been reassigned the above-referenced matter for handling as the result of a recent notice for potential UIM exposure.

I understand that State Farm has allegedly offered its policy limits of $25,000. Please note that neither the declarations page nor the offer letter from Ms. Heflin's carrier was enclosed with your correspondence. Please forward this information, along with a full medical package, so that we can appropriately review this matter in order to determine whether or not to waive our right of subrogation.

If you have any questions or wish to discuss this matter, I may be reached at (205) 739-7594. Thank you for your cooperation.

Sincerely,


Karen M. Cooley
Claims Specialist



February 14, 2005

Mr. Dan A. Goldberg
Goldberg & Associates, P.C.
1910 Third Avenue North, Suite 500
Birmingham, AL 35203

Facsimile: (205) 320-2199

RE: Insured: Kenneth Hernandez
    Claim Number: 042478220
    Date of Loss: March 8, 2004
    Your Client(s): Kenneth Hernandez

Dear Mr. Goldberg:

Please note that Progressive waives its right of subrogation against Linda Heflin regarding the above-referenced matter, and consents to the underlying settlement with Ms. Heflin's liability carrier, State Farm.

I have fully reviewed all of the records that you forwarded. The only information lacking is the subrogation information from Cigna, which I will need in order to finalize my evaluation. I would greatly appreciate it if you would forward this information as soon as possible.

If you have any questions or wish to discuss this matter, I may be reached at (205) 739-7594. Thank you for your cooperation.

Sincerely,


Karen M. Cooley
Claims Specialist

cc: Christy Rabern



May 16, 2005

Mr. Dan A. Goldberg
Goldberg & Associates, P.C.
1910 Third Avenue North, Suite 500
Birmingham, AL  35203

Facsimile:  (205) 320-2199

RE:  Insured:           Kenneth Hernandez
     Claim Number:      042478220
     Date of Loss:      March 8, 2004
     Your Client(s):    Kenneth Hernandez

Dear Mr. Goldberg:

I have reviewed all information available to date regarding the above referenced matter, including medical records and bills through 6/22/04, as well as a current stated subrogation interest from Cigna in the amount of $10,216.47.  As a result, Progressive respectfully extends an offer of settlement in the amount of $13,500.

If there are any further medical records beyond 6/22/04 to be considered, as well as any lost wage information, please forward that to me, and I will be glad to incorporate that information in this claim evaluation.

If you have any questions or wish to discuss this matter, I may be reached at (205) 739-7594.  Thank you for your cooperation.

Sincerely,


Karen M. Cooley
Claims Specialist



September 15, 2005

Mr. Dan A. Goldberg
Goldberg & Associates, P.C.
1910 Third Avenue North, Suite 500
Birmingham, AL 35203

Facsimile: (205) 320-2199

RE:  Insured:         Kenneth Hernandez
     Claim Number:    042478220
     Date of Loss:    March 8, 2004
     Your Client(s):  Kenneth Hernandez

Dear Mr. Goldberg:

I am writing to follow up regarding the previously extended settlement offer of $20,000 for Mr. Hernandez's UIM claim, which was made on 8/12/05 in good faith to attempt to resolve this matter in full. Please discuss this matter with your client and let me know his decision regarding this matter.

I may be reached at (205) 739-7594. Thank you for your time and attention to this matter.

Sincerely,


Karen M. Cooley
Claims Specialist
For Progressive Specialty Insurance Company

payable for the same expense under Part I - Liability To Others or Part III - Uninsured/ Underinsured Motorist Coverage.

No one will be entitled to duplicate payments under this policy for the same elements of damages.

## OTHER INSURANCE

If there is other applicable **vehicle** medical payments insurance, **we** will pay only **our** share of the medical and funeral services. **Our** share is the proportion that **our** Limit of Liability bears to the total of all applicable limits. However, any insurance **we** provide for an **insured person occupying** a:
1. **vehicle**, other than a **covered vehicle**; or
2. **trailer**, other than a **trailer** being towed by a **covered vehicle**;

will be excess over any other **vehicle** or **trailer** insurance providing payments for medical or funeral expenses.

## PART III - UNINSURED/UNDERINSURED MOTORIST COVERAGE

### INSURING AGREEMENT

Subject to the Limits of Liability, if **you** pay the premium for Uninsured/Underinsured Motorist Coverage, **we** will pay for damages which an **insured person** is legally entitled to recover from the **owner** or operator of an **uninsured motor vehicle** because of **bodily injury**:
1. sustained by an **insured person**;
2. caused by an **accident**; and
3. arising out of the ownership, maintenance, or use of an **uninsured motor vehicle**.

An **insured person** must notify **us** in writing at least thirty (30) days before entering into any settlement with the **owner** or operator of an **uninsured motor vehicle**, or that person's liability insurer. In order to preserve **our** right of subrogation, **we** may elect to pay any sum offered in settlement by, or on behalf of, the **owner** or operator of an **uninsured motor vehicle**. If **we** do this, **you** agree to assign to **us** all rights that **you** have against the **owner** or operator of an **uninsured motor vehicle**.

### ADDITIONAL DEFINITIONS

When used in this Part III:
1. "**Insured person**" and "**insured persons**" mean:
   a. **you** or a **relative**;
   b. any person **occupying** a **covered vehicle**; and
   c. any person who is entitled to recover damages covered by this Part III because of **bodily injury** sustained by a person described in a or b above.
2. "**Non-owned vehicle**" means any **vehicle** that is not **owned** by **you**, a **relative**, or the named insured's non-resident spouse.
3. "**Uninsured motor vehicle**" means a land motor vehicle or trailer of any type:
   a. to which no **bodily injury** liability bond or policy applies at the time of the **accident**;
   b. to which a **bodily injury** liability bond or policy applies at the time of the **accident**, but the bonding or insuring company:
      (i) denies coverage; or
      (ii) is or becomes insolvent;
   c. to which a **bodily injury** liability bond or policy applies at the time of the **accident**, but its limit of liability for **bodily injury** is less than the minimum limit of liability for **bodily injury** specified by the financial responsibility law of the state in which a **covered vehicle** is principally garaged;
   d. that is a hit-and-run vehicle whose operator or **owner** cannot be identified and which causes an **accident** resulting in **bodily injury** to an **insured person**.

15

16